# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TRANS-HOLD, INC.<br>    Plaintiff, | § § § | |
| VS. | § § | C.A. NO. 4:22-CV-01683 |
| LOUIS DREYFUS COMPANY LLC,<br>    Defendant. | § § § § | |

## LOUIS DREYFUS COMPANY LLC'S MOTION TO DISMISS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Louis Dreyfus Company LLC ("LDC") files this Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6) and shows as follows:

## OVERVIEW

1.    Trans-Hold, Inc. ("Trans-Hold") requests that this Court use its declaratory powers to issue a declaration that it is not contractually liable for a fire that occurred on February 13, 2022, before the Houston Fire Department has even finalized its investigation, report, or determined the cause. Trans-Hold improperly seeks a declaration that it is not contractually liable because, it claims, the contract provides for liability only when its acts or omissions cause a loss and, it contends, "there is no evidence that Trans-Hold's acts or omissions caused or contributed to the loss." However, there is no predicate judicial determination that Trans-Hold did not cause or contribute to the loss, which renders any declaration of no- contractual liability an improper advisory opinion, not yet ripe, and premature. While there may be a time to litigate causation of the fire, Trans-Hold's claims are premature and the requested relief inappropriate as sought; this is not an appropriate issue for a declaratory judgment action as plead. For these reasons, LDC requests dismissal under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6).

# ARGUMENT AND AUTHORITY

2. Federal Rule of Civil Procedure 12(b) permits a party to seek dismissal on a variety of grounds. Under Rule 12(b)(1), dismissal is appropriate when the Court lacks subject matter jurisdiction over the dispute. Under Rule 12(b)(6), dismissal is appropriate when a party fails to state a claim upon which relief can be granted.

## A. The Court lacks subject-matter jurisdiction as the dispute is not ripe.

3. "Ripeness is a 'constitutional prerequisite to the exercise of jurisdiction'." *Certain Underwriters v. Superior Nationwide Logistics, Ltd.*, No. 4:20-cv-00376, 2021 WL 707671, at *3 (S.D. Tex. Feb. 7, 2021), report and recommendation adopted, No. 4:20-cv-00376, 2021 WL 706762 (S.D. Tex. Feb. 23, 2021) (citing *Shields v. Norton*, 289 F.3d 832, 835 (5th Cir. 2002)). To determine ripeness, the Court evaluates: 1) the fitness of the issues for judicial decision, and 2) the hardship to the parties of withholding court consideration. *Texas v. United States*, 497 F.3d 491, 498 (5th Cir. 2007). Regarding fitness for adjudication, "a case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required." *New Orleans Pubs. Servs., Inc. v. Council of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987). "A claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States*, 523 U.S. 296, 300 (1998). "If a dispute is not ripe, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(1)." *Certain Underwriters*, 2021 WL at *3 (citing *Whitaker v. Livingston*, 597 F.App'x. 771, 774 (5th Cir. 2015)).

4. Federal courts may not render advisory opinions, as doing so would violate Article III of the United States Constitution. *E.g. Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Engineers*, 217 F.3d 393, 397 (5th Cir. 2000). A request for a declaratory judgment as to the rights

and obligations of a party for a dispute that is not before the court is an improper advisory opinion. *Id.* A declaratory judgment cannot be used to determine in advance an argument that has not yet been raised. *See Calderon v. Ashmus*, 523 U.S. 740, 747, 118 S. Ct. 1694, 1698, 140 L. Ed. 2d 970 (1998).

5. In *Certain Underwriters*, the claim related to whether indemnity was owed. *Id.* However, the claim was not ripe because whether the duty to indemnify existed depended on whether there was liability in the underlying lawsuit. *Id.* The Court held, therefore, that because the underlying lawsuit had not yet been resolved, the duty to defend was not justiciable yet and dismissed the claim for lack of ripeness under Rule 12(b)(1). *Id.* at *6.

6. Here, Trans-Hold brings a declaratory judgment action seeking a declaration that "Trans-Hold is not liable to Louis Dreyfus for loss of or damage to a shipment of 808 bales of cotton being stored at Trans-Hold's warehouse facility in Houston, Texas." *See* E.C.F. No. 1 at ¶1. As Trans-Hold pleads, the basis for Trans-Hold's lack of liability is that the terms of the applicable contract render Trans-Hold responsible for loss or damage to the cargo "to the extent arising from Trans-Hold's acts or omissions." *Id.* at ¶10. It contends that "there is no evidence that Trans-Hold's acts or omissions caused or contributed to the loss." *Id.* But, admits that "the Houston Fire Department has not yet finalized its investigation and report, and the cause of the fire remains unknown at this time." *Id.* at ¶8.

7. The basis for Trans-Hold's claim is summarized in paragraph 12 of its Original Complaint, which states "because there is no evidence the fire was within the control of Trans-Hold, Trans-Hold cannot be held liable to Louis Dreyfus for the loss." In sum, Trans-Hold asks the Court to issue a declaratory judgment, before any conclusion is reached about the cause of the fire, that Trans-Hold is not obligated to compensation LDC under the applicable contract terms

because the contract terms only provide liability if Trans-Hold is at fault for the fire. This puts the proverbial cart before the horse. The pre-requisite for the Court to decide whether Trans-Hold owes indemnity is a determination of whether the fire arose from Trans-Hold's acts or omissions. Without that determination first, the Court would merely be issuing an improper advisory opinion as to indemnity.

8. Trans-Hold's claim is not yet ripe because the cause of the fire has not yet been determined. Nor is it an issue that Trans-Hold put before the Court to be litigated. Accordingly, it is inappropriate for the Court to issue a declaratory finding that Trans-Hold lacks contractual liability based on Trans-Hold's responsibility for the fire before the cause of the fire is determined.

**B.  Trans-Hold has failed to state a claim upon which relief can be granted.**

9. LDC incorporates its argument as to the lack of ripeness of Trans-Hold's claim. There are two bases on which the Court should dismiss Trans-Hold's suit for failing to state a claim.

10. First, as stated, the claim is not ripe. The basis of Trans-Hold's request for declaratory judgment is that the contractual terms premise Trans-Hold's liability on it being responsible for the fire. Because the fire only occurred in February 2022, and there has been no determination as to the cause of the fire yet, the Court cannot issue a declaration that Trans-Hold is not liable based on the contractual terms. As the claim is not ripe, Trans-Hold has failed to state a claim upon which relief can be granted.

11. Second, "in general, a potential defendant may not use a declaratory judgment to determine potential tort liability." *Stein v. First Nat. Bank of Bastrop*, 950 S.W.2d 172, 174 (Tex. App.—Austin 1997, no writ); *Trantham v. Isaacks*, 218 S.W.3d 750, 753 (Tex. App.—Fort Worth 2007, pet. denied) ("a potential defendant may not use a declaratory judgment action to determine

potential tort liability, because the [Declaratory Judgment Act] was not intended to deprive a potential tort plaintiff of the right to decide whether, when, and where to sue.") As recently as 2019, the Texas Supreme Court reiterated its prior rulings that there are no exceptions or nuances "to the rule that a potential tort defendant may not seek a declaration of nonliability in tort." *In re Houston Specialty Ins. Co.*, 569 S.W. 3d 138, 140 (Tex. 2019).

12. A bailment is a contract "wherein the bailor delivers property to the bailee for some purpose and the bailee actual (*sic*) accepts the property." *United States v. 2004 Ferrari 360 Modeno*, 902 F.Supp.2d 944, 955 (S.D. Tex. 2012) (aff'd, 544 Fed. App. 545 (5th Cir. 2013)). In Texas, the elements of bailment are: 1) the delivery of personal property to another for a specific purpose, 2) acceptance by the transferee of delivery, 3) an agreement that the purpose will be fulfilled, and 4) an understanding that the property will be returned to the transferor or dealt with as the transferor directs. *Id.* (citing *State v. $281,420.00 in United States Currency*, 312 S.W.3d 547, 551 (Tex. 2010)).

13. "Claims for breaches of bailment agreements generally can be brought as contract or tort claims depending on the particular facts of the case and the type of action the plaintiff chooses to assert." *Barker v. Eckman*, 213 S.W.3d 306, 310 (Tex. 2006). It is well settled that a bailee has a duty to safeguard the bailed item. *See FFE Transp. Services, Inc. v. Martinez*, No. 04-09-00479-CV, 2010 WL 4243480, at *5 (Tex. App.—San Antonio Oct. 27, 2010, no pet.) (citing *Wells v. Hodges*, 604 S.W.2d 218, 221 (Tex. Civ. App.—San Antonio 1980, no writ)).

14. Here, Trans-Hold admits that LDC delivered a shipment of cotton to Trans-Hold's warehouse to hold. *See* E.C.F. No. 1 at ¶7. Trans-Hold accepted the shipment. The cotton would have been held by Trans-Hold until returned or otherwise disposed of as directed by LDC, were it not for the fire. The agreement between the parties, therefore, constitutes a bailment.

15. As the fire occurred while the cotton was in Trans-Hold's possession as the bailee, LDC has the right to assert a claim against Trans-Hold for failing to exercise reasonable care to protect LDC's property. Such a claim would sound in tort. Accordingly, LDC is entitled to bring a tort claim against Trans-Hold for the underlying liability. Texas law forbids Trans-Hold from usurping LDC's legal rights. Trans-Hold, as a potential tort defendant, cannot seek a declaration of nonliability. *Supra.* Trans-Hold's effort to seek a declaratory of its lack of tort liability is impermissible. As Trans-Hold's request for declaratory judgment is improper, its only claim, it has failed to state a claim upon which relief can be granted.

## CONCLUSION

16. LDC entrusted its bales of cotton to Trans-Hold's protection. On February 13, 2022, a fire occurred which destroyed the cotton while in Trans-Hold's possession. The Houston Fire Department has not yet finished its investigation or determined the cause of the fire. Trans-Hold's request for a declaration that it is not liable because it, allegedly, is not responsible for the fire is premature, not ripe, and inappropriate for a declaration. Accordingly, the Court should dismiss.

Respectfully submitted,

By: /s/ David James
David James
State Bar No. 4032467
djames@clarkhill.com
2615 Calder Avenue, Suite 240
Beaumont, Texas 77702-1986
T: 409.351.3800
F: 409.351.3883
**ATTORNEY-IN-CHARGE FOR LOUIS DREYFUS COMPANY LLC**

**OF COUNSEL:**
Adam Diamond
Adiamond@clarkhill.com
State Bar No. 24092344
909 Fannin, Suite 2300
Houston, TX 77010
(713) 951-5600 – Telephone
(713) 951-5660 – Facsimile
Clark Hill PLC
**COUNSEL FOR LOUIS
DREYFUS COMPANY LLC**

## CERTIFICATE OF SERVICE

Counsel for Louis Dreyfus Company LLC hereby certifies that a copy of this pleading was served via e-filing pursuant to the Federal Rules of Civil Procedure on September 12, 2022.

_____
David James